Livingston, J.
We are asked for this supersedeas on two grounds:
First. Because Fitzgerald, being a non-resident, was not liable, although transiently within the state at the time, to have his property attached as an absconding or concealed debtor, but ought to have been proceeded against as an absent debtor.
Secondly. Because the creditor, who obtained the attachment, being also resident abroad, had no right to this remedy against Fitzgerald, if the latter be regarded as an absent debtor. We think both these objections are well taken.
The act throughout contemplates two classes of debtors, those who reside within, and those who are absent from, the state. Against the first the proceedings are more summary, as they ought to be, and trustees are appointed in three months, while no such appointment, as it respects the latter, can take place in less than a year.
The oaths, on which the attachments are obtained, also differ. Against an absconding debtor tbe party swears, among other things, that his debtor has departed the state, with intent to defraud his creditors of their just dues. Now this allegation could hardly be made with respect to a person residing abioad, and who had left the state with a view of returning to his family.
The notice also given to the absconding debtor contemplates his being a resident. He is directed to return and pay his debts. This would be a singular request to make of a man who resided permanently abroad.
One of the ways, too, in which the attachment against an absconding debtor is to- be superseded, shows that he must be a resident. For part of the condition of the bond, which is required of him, by the seventh section of the law is, that he shall prove himself a resident within this state. This can hardly mean a residence of a temporary nature, but one permanent and fixed.
■^Independently of these distinctions, which are to be found in the act itself, it would be rigorous and unjust to expose the property of an absent debtor to so serious a process, merely because he may have concealed himself for a few days, to avoid being arrested when in a foreign country, where, from his situation, it must be extremely difficult to obtain bail. There is certainly more impropriety in a resident debtor shutting himself up to avoid his creditors, and the ordinary process of law, than there would be in a stranger’s pursuing the same course.
We also think that an absent creditor, such as Galway is, cannot proceed, by an attachment, against the estate of his absent debtor. The 23d section confines this remedy to the estates of debtors, who reside out of the state, and are indebted within it. By this mode of expression, we understand that the debt must be due to a person residing within the state, and not a stranger who may be here transiently. It is very well to give our own citizens a remedy over the property of their absent debtors, but it would be harsh and impolitic to extend this remedy to *319 strangers, wbo might pursue tbe property here, for the sole purpose of seizing it, and by this means drive its own* ers to a settlement on very unequal terms, or compel him to litigate in a distant forum, when perhaps both the parties, residing near each other, ought possibly to be left to apply to the tribunals of their own country. For these reasons the attachment must be superseded.
There is some controversy as to the place of Fitzgerald’s residence. It appears that he is a subject of Great Britain, and that he has been latterly trading in several of the West India islands, and has never been in this country until a short time before the attachment. He came here on a commercial adventure, without any idea of settling among us, or of not returning as soon as his business was settled. This is enough to satisfy us he is a non-resi dent. If he led so roving a life abroad as to render it difficult to fix on his domicil, it will not make, him a resident of this state. He still remains an absent debtor, the animus revertendi having never been laid aside.
Kent, Oh. J. and Spencer, J. gave no opinion, not having heard the argument.
Supersedeas awarded.