In the matter of John M. Wrigley, an insolvent debtor.

A foreigner who has resided in this state and transacted business as a commission merchant for seven years, and then returns home, taking with him his effects, and uncertain whether he will return or not, loses his character of an *inhabitant*; so that, though he returns to this state after a sojourning of only three weeks in his native land, he is not entitled to be discharged as an *insolvent debtor*, if, after his return, he engages in no business, and his residence, after his return, is merely of a temporary nature.

Certiorari to the recorder of New-York to send up the petition of the insolvent for a discharge under the act to abolish imprisonment for debt, and the proceedings thereon, with all things touching the same. The recorder returned that on the 17th June, 1828, the insolvent presented his petition, with the usual accompanying papers, amongst which was an affidavit that the insolvent was " *an inhabitant*, actually residing within the city and county of New-York ; " upon which he made an order for the creditors to shew cause why a discharge should not be granted. On the day of shewing cause, the insolvent was examined on the part of the creditors, and testified that he was a native of England ; that he came to New-York in 1821, commenced the business of a commission merchant, and continued in the same until the fall of 1827, when he became embarrassed and unable to pay his debts, and determined to leave this country for England, where his creditors resided. In the spring of 1828, he accordingly went to England, taking with him his books of account, it being uncertain whether he would return or not. After remaining in England about three weeks, he left there for New-York, and arrived on the 12th day of May, 1828 intending to proceed to Canada to reside ; where he had hopes of receiving consignments of goods from England. He purposed to have gone to Canada in July, 1828 ; his arrangments as to going there, however, were of such a character that he could consistently have gone into business elsewere, had a favorable opening presented. He left his books of account in England, and on his arrival in May, possessed no funds and en-

gaged in no business. He took board at Brooklyn, waiting until he should be advised of the arrival of the expected goods in Canada. In the beginning of June, he was arrested for debt in Brooklyn, and gave bail; he then came to New-York, where another writ was served upon him; he was again bailed, and remained and boarded in New-York until he presented his petition. Upon these facts appearing, the counsel for the creditors objected to the insolvent's being discharged, on the ground that he was not an inhabitant of New-York. The recorder decided that the insolvent had not changed his residence in New-York by going to England, and that at the time of presenting the petition he could not be considered as having a residence, within the meaning of the act, in any place other than New-York, and thereupon, after assignment, granted a discharge.

*D. Graham*, for creditors.

*J. Edwards*, for insolvent.

*By the Court*, SAVAGE, Ch. J. The only question arising in this case upon the return of the recorder of New-York to the *certiorari* is, whether the insolvent was an inhabitant of the city and county of New-York.

Every person applying for a discharge must make his application in the county of which he may be an inhabitant, or within which he may be imprisoned. (1 R. L. 463, § 6.) The question is was Wrigley an inhabitant of New-York within the meaning of the act?

An *inhabitant* is defined by Jacob to be a dweller or householder. The word *inhabitants* includes tenants in fee simple, for life, years, at will, and he who has no interest, but only his habitation and dwelling. (Jacob's Law Dict. tit. Inhabitants.) Inhabitants, says Vattel, p. 162, as distinguished from *citizens*, are stranges who are permitted to settle and stay in the country; bound by their residence to the society, they are subject to the laws of the state while they reside there, &c. Webster in his distionary, defines an *inhabitant* to be a dweller, one who dwells or resides permanently in a place or who has a fixed residence as distinguished from an

NEW-YORK,<br>May, 1830.

In the matter of Wrigley.

NEW-YORK, occasional lodger or visiter; as the inhabitants of a house or
May, 1830. cottage, the inhabitants of a town, city or state. (Webster's Dictionary.)

In *Roosevelt* v. *Kellogg*, (20 Johns. R. 210, 11,) a *resident* of a place is said to be synonymous with an inhabitant, " one that resides in a place; " and in the *Matter of Fitzgerald,* a resident within the state was held to be one who had not a mere residence of a temporary nature, but one of a permanent and fixed character. (2 Caines, 318.) In the recent case of *The matter of Thompson,* (1 Wendell, 43,) a distinction was supposed to exist between residence and domicil, the latter being a residence with an intention of always remaining; and the former was in that case considered applicable, where an American citizen resided in Scotland more than two years, transacting commission business there, though he had expressed an intention to return.

In this case, it seems to me that Wrigley, from 1821 to 1827, was an inhabitant of New-York. In 1828, he abandoned the county, and took with him his effects, without any intention of returning; he was no longer an inhabitant. When he returned to New-York in May, he was a mere sojourner or lodger; he was not an inhabitant in any sense.

I think the recorder erred, and his proceedings should be vacated.