In the Matter of Francisco Marty, a non-resident debtor.

A *non-resident* creditor, temporarily here, may sue out an attachment against a non-resident debtor, on a debt contracted abroad.

*February Special Term,* 1848. *New York city and county.*—The debtor and Altillio Valtellina, the prosecuting creditor, were both residents of Havana, and they made a contract with each other, and three others, to establish an opera in the United States, and entered upon the undertaking, which finally failed. Valtellina remained in the United States, and came to

city of New York, where he resided several months and took the preliminary steps to become naturalized. After doing so, he sued out before one of the judges of the Common Pleas of New York, an attachment against Marty as a non-resident, he never having been in the United States, on a claim for damages alleged to have arisen from a violation by Marty of this contract of partnership, on affidavits that Valtellina was only temporarily in the United States, and not a permanent resident in New York. An application was made to the judge who issued the attachment for a supersedeas, which he refused on the ground that he had no authority therefor; thereupon a certiorari was sued out removing the proceedings into this court.

A. D. LOGAN, for the debtor, on the coming in of the return to the certiorari, moved to discharge the attachment on the ground, among other things, that both parties being non-residents, and the debt being contracted abroad, there was no authority under the statute to issue an attachment.

EMMET, contra.

EDMONDS, Justice, delivered the following opinion:—The case of Fitzgerald (2 Caines, 3—8,) caused some doubts whether a non-resident creditor could avail himself of the benefit of our laws, authorising an attachment against a non-resident debtor. But that case has been overruled. In Robbins v. Cooper, 6 J. C. R., 190, Chancellor Kent held the contrary. In ex parte Caldwell, 5th Cow. 293, this court say that the 20th section of the statute must have been overlooked by the court in Fitzgerald's case, and they add that an attachment in favor of a foreign creditor who had followed his debtor to this country, was expressly authorized by our statute, 1 R. L., 157, but in ex parte Schroeder, 6 Cowen, 603, the court held that a creditor abroad, not resident nor domiciled here, but only transiently in New York, could not sue out an attachment against his debtor, being a non-resident, on a contract made abroad, and they express a doubt whether even a resident creditor could proceed by attachment here upon a contract made abroad.

All these cases were before the Revised Statutes, which made something of an alteration in the law in regard to the matter, which makes the distinction between the case in 5th Cowen and 6th Cowen. The former statute required that the person proceeded against, whether absconding or non-resident debtor, should be "indebted within this state," therefore, in 6th Cowen, the attachment, though in favor of a non-resident creditor, was set aside, because the debtor was not, and never had been in this state. But in 5th Cowen, the creditor was also a non-resident, and the debt had also been contracted abroad, but the debtor was concealed

in this state, and therefore was indebted in this state. But the Revised Statutes have omitted the requirement that the debtor should be indebted in this state, and the revisors in their notes to that section, which gives the attachment to the enumerated creditors, say it is intended to conform to 6 Cow., 603, " and to express the meaning of the Legislature distinctly, as it seems to be understood in 5 Cow. 293, and the cases cited." One of the cases cited, is that in 6 J. C. R. Hence the statute 1 R. S., 3, § 3, says "such application may be made by a creditor resident within this state or out of it," which provision the revisors say is § 20 of 1 R. L., 157. That section 20 is, that any creditor residing out of this state, shall be deemed a creditor within the act, and this court in 5 Cow., say that that section expressly authorizes a proceeding in favor of a non-resident creditor on a debt contracted abroad.

It seems to me, then, plainly to be the intention of the statute to authorise a non-resident creditor to sue out an attachment, so that if Valtellina is, as was alleged, only temporarily here, and not domiciled in this state, he may institute these proceedings.

This disposes of the two first objections made in behalf of the debtor; the other one relates to the form of his application. But the statute only requires that he shall state the amount of his claim and the nature of it, so far as to declare whether it arises upon contract, or upon a judgment, or decree within this state; those things are set out in this application, and therefore it is sufficient.

There being, then, according to the view I take of this case, no valid objections to these proceedings, they must be remitted to the officer who signed the warrant for further proceedings.