[No. 3,088.]

## A. H. GOLDSMITH AND B. GOLDSMITH, PARTNERS, UNDER THE NAME OF GOLDSMITH BROS. *v.* E. H. SAWYER.

OBJECTION THAT AN ACCOUNT IS UNINTELLIGIBLE. — If an account on which the plaintiff seeks to recover is attached to and made a part of the complaint, an objection that it is unintelligible cannot be raised unless taken by demurrer.

PLEADING RULES OR CUSTOMS.—If a Board of Brokers have rules which are not rules or usages of trade and commerce that would be recognized without their adoption by the Board, the Court will not take judicial notice of them unless they are pleaded.

CONTRACT MADE WITH REFERENCE TO RULES OR CUSTOMS. — When a contract is entered into with reference to rules of a Board of Brokers not rules or usages of trade and commerce, such rules become in effect special terms of the contract, and must be pleaded by the party who claims that he has performed the contract in accordance with them, or that the other party has failed to comply with them.

INTEREST.—A party cannot recover interest at a conventional rate unless there is an agreement in writing fixing the rate.

JUDGMENT IN GOLD COIN.—A party is not entitled to a judgment in gold coin unless it is averred in the complaint that there was a contract in writing, or that it was understood and agreed by the parties that payment should be made in that kind of coin.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The account mentioned in the opinion was attached to and referred to in the complaint as "Exhibit A." The only averment in the complaint of an agreement to pay in gold

coin was the following: " Plaintiffs allege that all the transactions herein specified were in and for United States gold coin, and that the moneys advanced as aforesaid were all in said gold coin."

J. H. Jones & Co. had assigned the demand sued on to the plaintiffs. The plaintiffs recovered judgment for one thousand one hundred and eighty-six dollars in gold coin, and the defendant appealed.

The other facts are stated in the opinion.

*Tully R. Wise,* for Appellant.

It is not alleged what the rules of the Board of Brokers were. Now, how can the Court say that defendant is responsible under the rules of the Board, or that the President had the right to sell, without the rules pertinent to the issue are set out or declared upon.

The judgment is wrong upon the complaint, because it is not alleged that defendant agreed, either verbally or in writing, to pay in gold coin.

*D. Friedenrich* and *E. W. McGraw,* for Respondents.

Appellant's objections are rather that the complaint is ambiguous and uncertain than that it is insufficient, and that objection, even if valid, was waived by a failure to demur. (Practice Act, 345.)

We submit that the allegation in the complaint of the agreement and understanding to pay in gold coin is sufficient, at least after verdict.

The Court will intend after verdict in support of it that facts imperfectly alleged have been fully proved. (*Barron* v. *Frink,* 30 Cal. 486.)

By the Court, RHODES, J.:

It is alleged in the complaint that the defendant employed J. H. Jones & Co., stock brokers, to purchase and hold for him certain mining stock "on thirty days time, and at the expiration of said time to sell the same for cash, and again to purchase the same on thirty days time, and so to continue the purchase and sale of said stock, under and subject to the rules of the Board of Brokers, in San Francisco, until the further directions of the defendant." The complaint then states that, in pursuance of such agreement, J. H. Jones & Co. purchased and sold stock on account of the defendant up to the 20th of July, 1869, when a balance was struck, and there was found to be due from the defendant to J. H. Jones & Co., the sum of seventy-nine dollars and forty cents; and that thereafter, in pursuance of said contract, J. H. Jones & Co. continued to purchase and sell stock for and on account of the defendant, and advanced money on his account, as shown in an exhibit annexed to the complaint. It further states, that on the 23d of September, 1869, J. H. Jones & Co. became insolvent, and on that day all the stock held by them for and on account of the defendant was sold by the President of the Board of Brokers, under the rules of the said Board, as set forth in the said exhibit. It is also alleged that, in purchasing the stock, J. H. Jones & Co. advanced certain sums of money, and that in the performance of the contract certain commissions became due to them from the defendant.

There is attached to the complaint an account which purports to be an account of the transactions between J. H. Jones & Co., the brokers, and the defendant. The defendant now presents the objection that the account is unintelligible. It is said to be in the usual form of broker's accounts; and, although it may be unintelligible to one who is not familiar with that business, yet as the defendant did

not demur on that ground, the objection must be overruled. From this account, as explained by the evidence, it appears that after several sales and purchases of stock by the brokers for the defendants, the brokers, on the 15th of September, 1869, purchased for the defendants sixty shares of "Crown Point," at thirty dollars per share; and on the eighteenth day of the same month one hundred and twenty shares of "Exchequer" at ten dollars per share; and that on the twenty-third of the same month the "Crown Point" was sold at fifteen dollars and seventy-five cents per share, and the "Exchequer" at four dollars per share. It is alleged in the complaint that the sale was made, because the brokers became financially embarrassed and failed to meet their commercial engagement. It appears from the plaintiff's evidence, that the sale was made for the reason that the defendant, after being notified, failed to make a deposit "to cover the margins." It is apparent that it was not made in accordance with the terms of the agreement, as stated in the complaint; and it is also apparent that the plaintiffs rely upon the sale as having been made in conformity with the terms of the contract, because made in accordance with the rules of the Board of Brokers. It is alleged in the complaint, as already mentioned, that the purchases and sales were to be made under and subject to those rules. The Court, however, will not take judicial cognizance of those rules, unless they are rules or usages of trade and commerce, which would be recognized without their adoption by any particular Board or association; and the party who relies upon them must plead them. When a contract is entered into with reference to rules of that character, they become, in effect, special terms of the contract, and they must be averred by the party who claims that he has performed the contract on his part in accordance with such rules, or that the other party has failed to comply therewith.

The plaintiffs rely upon a rule of the Board of Brokers,

which they offer in evidence, to the effect that when stocks have been purchased on time, the broker "may call on his principal for an additional deposit of twenty per cent on the amount remaining due, when the stock declines to five per cent of the margin;" and that if the principal do not pay the additional deposit on the day of notice, the stock may be sold for his account by the President of the Board at the next regular meeting thereof; and they claim that this rule is applicable to, and governs, the contract. But there is no averment in the complaint pointing to the rule, or showing that the contract was made with reference to it. In the absence of such an averment, the Court could not say that a sale made because of a failure of the defendant to pay the additional deposit, and made by the President of the Board, and before the expiration of thirty days after the purchase of the stock, was made in accordance with the terms of the contract.

It does not appear that there was an agreement in writing for the payment of interest at the rate of one and one quarter per cent per month. A party cannot recover interest at a conventional rate unless there be an agreement in writing fixing the rate.

It is not averred in the complaint that the defendant contracted in writing to pay in a specified kind of money, nor that it was so understood and agreed by the respective parties, and therefore the plaintiffs are not entitled to a recovery in gold coin.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.