[No. 3,778.]

MARIAN HILL *v.* M. ELDRED, JR., ET AL.

EQUITABLE MORTGAGE.—An assignment of a certificate of purchase of land, issued by the State, by way of security for a debt due by the assignor to the assignee, operates as an equitable mortgage on the interest in the land which the assignor acquired by virtue of the certificate, and if the · assignee pays money due the State on the certificate, in order to prevent a forfeiture of the assignor's title, the money so paid becomes a portion of the mortgage debt, and the Court will enforce an equitable lien for the whole sum.

INTEREST.—Interest at a greater rate that ten per cent. per annum cannot be recovered, unless there is an agreement in writing to pay the same.

IDEM.—Under the statute of 1868, judgments cannot be made to draw interest at a greater rate than seven per cent. per annum.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The State of California, March 1, 1859, issued to Isabella Percy, a certificate of purchase for the west half of section

eleven, township three north, range eight east, Mount Diablo meridian, under the Act of 1858 to provide for the sale of the unsold portion of the 500,000 acres granted to the State for school purposes, etc., and also issued to Wm. Fogarty, under the same Act, a certificate for the south-east quarter of section three, and south-west quarter of section two, same township and range. Defendant Eldred became the owner of these certificates by purchase, and entered into possession of the land. July 15, 1867, he gave Thomas Hill his promissory note for $1,434 20, bearing interest at one and a half per cent. per month, and, to secure the note, assigned to Hill the first-named certificate. July 17, 1867, Eldred also gave M. C. Hillyer his note for $453 55, bearing interest at the rate of one and one quarter per cent. per month, and, to secure the same, assigned to Hillyer the certificate last-named. March 4, 1871, Hillyer assigned said note to the plaintiff. There became due annually to the State on said certificates, interest at ten per cent. per annum on one dollar per acre, the amount of purchase-money due the State. Eldred neglected to pay this interest, and, to prevent the land from being forfeited to the State, the plaintiff paid the sum of $328 13 interest on the sum due for each piece of land. Thomas Hill died in 1868, and left a will, in which his property was devised to the plaintiff, who was his widow. The will was probated, and the estate settled, and the property distributed to the plaintiff. The plaintiff commenced this action in April, 1871, on said notes, and asked the Court to decree her a lien on said certificates of purchase and land, and that the same be sold, and the proceeds applied to satisfy the amount her due and costs. The Court below decreed that the certificates be sold separately, and the proceeds of the sale of each be applied on the debt it was assigned to secure, and the amount paid for interest, and also decreed that the plaintiff had an equitable lien on each piece of land for the amount due on the note the assignment was made to secure, and for the sum paid as interest to preserve the land, and directed the land to be sold, and the proceeds to be thus applied. The Court

computed interest on the sums paid for interest due the State at the rate mentioned in the notes. The defendant appealed.

The other facts are stated in the opinion.

*Terry & McKinne,* for Appellant.

There was no transfer of the estate in the assignments. The certificates were personal property. The party holding them after the interest had been paid up on the certificates, had a right to a patent to the land from the State. If defendant Eldred had an interest in said certificates that interest might have been foreclosed in this proceeding, and that interest ordered sold as was done by the decree, but surely that did not authorize the Court to go further and decree that the plaintiff is entitled to, and has an equitable lien upon the interest, right and possession that defendant Eldred has in and to the lands described in said certificates. Concede, for the purposes of this argument, that the said certificates of purchase were the title deeds of the lands described in said complaint. The doctrine of equitable mortgages arising upon the deposit of title deeds does not prevail in this State. (Browne on Frauds, 2d Edition, Sec. 64; *Williams* v. *Stratton,* 10 Sm. and Marsh—Miss.—418; *Gothard* v. *Flynn,* 25 Miss. 58; *Vanmeter* v. *McFaddin,* 8 B. Mon. Ky. 435; *Bowers* v. *Oyster,* 3 Penn. R. 239; *Shitz* v. *Diffinbach,* 3 Barr. Pa. 233; *Ricket* v. *Madeira,* 1 Rawle, 325, 327; *Williams* v. *Hill,* 19 How. U. S. 250.)

*H. K. W. Clarke,* for the Respondent.

What was put in mortgage? Surely not simply two slips of paper, entitled "Certificates of Purchase;" but the interests, rights and privileges represented or secured thereby, or incident thereto—which were—the right to pay the unpaid portion of the purchase-money of the land, and upon paying such unpaid purchase-money and the interest that should accrue thereon, to demand of, and receive from the State, a patent for the lands described in the certificates; and, in the meantime, to take, hold and enjoy the possession of the lands. All of said rights, interests and

privileges pass by assignment of said certificates—in mortgage, or absolutely, according to the intention of the assignor. (Sec. 9, Act April 10, 1858; Statutes 1858, p. 129; Statutes 1858, p. 248; Hittell, 703.) Money necessarily paid by a mortgagee to protect his debt, and for the benefit of, and to protect the thing put in mortgage, is, in equity, regarded as adding to the mortgage-debt, and the same, with interest, is payable out of the mortgaged property upon foreclosure. (*Kortright* v. *Cady*, 23 Barb. 490; *Eagle Fire Ins. Co.* v. *Pell*, 2 Edw. Ch. 631.)

By the Court, CROCKETT, J.:

The assignment by the defendant of the certificates of purchase, by way of security, operated as an equitable mortgage on the interest in the land which he acquired under the certificates. It is averred in the complaint and not denied by the answer, that the defendant entered and yet remains in possession, under and by virtue of the certificates; nor is it claimed in the answer that he has any other title. The Court below properly adjudged that the plaintiff had an equitable lien on the land to secure the defendant's indebtedness to her, nor did the Court err in holding that the interest paid by the plaintiff and her assignor Shilliger to the State, in order to prevent a forfeiture of the defendant's title to the land, became a portion of the mortgage debt.

But there was no agreement in writing that the money so paid should bear the same rate of interest as the original debt; and in the absence of a written stipulation, specifying a greater rate, our statute provides that interest shall be computed at the rate specified in the statute. The Court therefore erred in allowing interest on the money paid to the State at a rate exceeding ten per cent. per annum.

There was also error in directing that from the time of entering the judgment up to the sale, interest should be computed on the mortgaged debt, at the rates stiuplated in the notes. The second section of the Act of March 30, 1868, then in force, provided that "whatever may be the

rate of interest agreed upon, no judgment or decree in any Court of this State shall draw interest at a rate to exceed seven per cent. per annum." (Statutes 1867-8, p. 553.)

Judgment affirmed, except as to the rate of interest, and as to that the judgment is reversed without costs, and cause remanded with an order to the Court below to modify the judgment in accordance with this opinion. Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.