## TUCKER v. RANDALL.

Under Comp. Laws, § 3721, providing that no interest shall be charged at a higher rate than 7 per cent. unless by an "express contract in writing," such contract, to be binding, must be signed by the parties or their duly authorized agent.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action on contract. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Sterling & Morris*, for appellant.

The alleged contract was neither signed nor delivered, and hence was not an "express contract in writing" within the meaning of § 3721, Comp. Laws. 3 Am. & Eng. Encyc. Law 826; 7 Id. 117; Bishop on Contr. § 172.

*Howard & Walsh*, for respondent.

It is elementary that a contract may be enforced as a binding obligation, though not signed by either party. It is the assent, or meeting of minds, that makes a contract. 1 Parsons, Contr. (7th Ed.) § 476.

CORSON, P. J.   The plaintiff brought this action to recover a balance alleged to be due upon contract.   Judgment was entered for plaintiff for $8,761.90, and the defendant appealed.

The plaintiff's case is thus stated in his complaint: "That on the 15th day of October, 1887, the plaintiff and defendant entered into a contract whereby plaintiff was to furnish to defendant the sum of $10,000, to be loaned by the defendant upon securities to be taken and held in the name of this plaintiff until the contract was terminated; that as a part of said contract it was agreed that said defendant was to have sole charge of said money, and all the profits therefrom, but was to pay to plaintiff for the use thereof the sum of 12 per cent per annum, to be paid on the 15th day of October in each year while the contract was in force, and until the same was terminated, when he was to return to plaintiff the said sum of $10,000, with unpaid interest thereon.   *   *   *   As a further part of said contract, it was provided that plaintiff might at any time terminate the said contract after the execution thereof by giving three months' notice of his intention so to do; that at said termination he might, at his option, take possession of all notes and securities and other property held by the defendant as securities for the money so loaned, but that such possession should not affect the right of plaintiff to have paid to him the full sum advanced under said contract, with interest thereon at the rate of 12 per cent."   The defendant by his answer admitted that an agreement was entered into between himself and the plaintiff whereby the plaintiff was to furnish the defendant with $10,000 to be loaned on securities in the territory of Dakota, but denies that he agreed to pay interest thereon at the rate of 12 per cent per annum, and alleges that defendant was not by the terms of said agreement to pay any "greater rate than 7 per cent, and that only from the time of the actual receipt of such money by the defendant."   In October, 1893, the plaintiff elected to terminate the agreement, and thereupon took possession of such notes and securities as defendant then had, and brings this action for

a balance due. The case was referred to a referee, who found the facts and stated his conclusions thereon. Among other findings was one to the effect that defendant was to pay 12 per cent per annum interest on the $10,000, and in stating the accounts the referee charged the defendant at that rate on the whole $10,000; and his allowance of interest at that rate is the principal error relied upon by the defendant for a reversal of the judgment. No written contract seems to have been signed by the parties, although one was prepared, and plaintiff claims it was, in fact, agreed to by the parties, in which is a stipulation for interest at 12 per cent. The appellant contends that this contract, not having been executed, constituted no agreement in writing to pay interest in excess of 7 per cent, and it was error for the referee to find and charge the defendant with interest at any higher rate. The unsigned agreement, or purported agreement, and a memorandum made by a lawyer in Winona, Minn., from which he claims to have prepared the agreement, seem to have been admitted in evidence over objections of defendant, and which, before the case was submitted to the referee, the appellant moved to strike out, for the reason that they were never executed by either of the parties, and were incompetent, irrelevant, and immaterial. The motion was denied, and defendant excepted. The ruling of the referee admitting these documents in evidence, and his ruling in refusing to strike them out, are not assigned as error, and cannot, therefore, be considered by the court on this appeal. But, in the view we take of the case, these documents were immaterial, and did not prove any "express contract in writing" to pay a higher rate than 7 per cent per annum on the money advanced to the defendant. Comp. Laws, § 3721. "An express contract in writing fixing a different rate," in order to comply with the terms of the statute, must be a contract in writing signed by the party or his authorized attorney. Hill v. Eldred, 49 Cal. 398; Goldsmith v. Sawyer, 46 Cal. 209. An unexecuted written paper, purporting to contain the terms of an agreement, can-

not be held to be "an express contract in writing," within the meaning of the statute. Such a contract, to be binding, must be signed.

The respondent contends that the evidence to prove that the parties agreed to the terms of the written, unexecuted con-́ tract was substantially uncontradicted. This may be conceded, but it will not aid the respondent. The contract would never-theless be an oral contract, and the purported written contract would not avail the respondent for any purpose, unless possi-bly, under certain circumstances, as a memorandum made by a witness, who might use it to refresh his recollection. We have treated the contract as a South Dakota contract, as there is no allegation in either the complaint or answer as to the place where the contract was in fact made. Taking the most favor-able view of the contract for the appellant, and treating it as a South Dakota contract, the referee clearly erred in his fifth finding, that the defendant was indebted to plaintiff in the principal sum of $10,000, with interest thereon at the rate of 12 per cent per annum. As we have seen, there was no express contract in writing to pay any rate of interest in excess of 7 per centum; and there being no evidence of any express con-tract in writing, on the part of the appellant, to pay interest on the sum advanced at any rate in excess of 7 per centum per an-num, the finding of the referee of an agreement to pay interest at the rate of 12 per centum per annum is not supported by the evidence. The accounts between the parties having been stated by the referee upon the basis of 12 per cent interest, the judgment is reversed, and a new trial is granted.

Rehearing denied June 15, 1898.