[No. 7486. Decided January 6, 1909.]

JOSEPH DIGNAM, *Respondent,* v. ALICE M. SHAFF, *Appellant*.[1]

APPEAL—REVIEW—WAIVER OF NONSUIT. Where the refusal of a nonsuit is waived by the defendant's entering upon her case, the supreme court will review all of the evidence.

LIMITATION OF ACTIONS — ABSENCES FROM STATE — DOMICILE. A judgment debtor is a nonresident of this state, within the meaning of Bal. Code, § 4808, tolling the statute of limitation during absence from this state, where she had her abode in Idaho and rented a house and taught school there since 1897, living with her daughter as the only member of her family, and only returned to this state to spend her vacation after being elected to teach in Idaho for another year; her visits to this state not being to the same place, nor to the farm where she claimed her home, the dwelling house thereon having been destroyed, and there being no usual place of abode in this state where service of process could be made upon her.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered March 3, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action upon a judgment. Affirmed.

[1]Reported in 98 Pac. 1113.

*John O. Bender,* for appellant, contended, *inter alia,* that the burden was on plaintiff to prove that the defendant resided continuously out of the state. *Crissey v. Morrill,* 125 Fed. 878. The defendant was a resident of Washington, and departed therefrom merely for business in the state of Idaho, and she did not by such absence acquire a, residence or reside in Idaho, since it was her purpose to return to her home in Washington. *Dupuy v. Wurtz,* 53 N. Y. 556; *People v. Platt,* 117 N. Y. 159, 22 N. E. 937; *De Meli v. De Meli,* 120 N. Y. 485, 24 N. E. 996, 17 Am. St. 652; *Pells v. Snell,* 130 Ill. 379, 23 N. E. 117; 25 Cyc. 1246, 1247, 1248; *Barney v. Oelrichs,* 138 U. S. 529, 11 Sup. Ct. 414, 34 L. Ed. 1037; *Hart v. Kip,* 148 N. Y. 306, 42 N. E. 712. It was incumbent on the plaintiff to allege and prove that the defendant was not a resident of the state of Washington, and that she did not leave any usual place of abode within such state, where service of process could be had upon her. *Crissey v. Morrill, supra; McMillan v. Cheeney,* 30 Minn. 519, 16 N. W. 404; *Young v. Whittenhall,* 15 Kan. 579; *Zane v. Zane,* 5 Kan. 134. Where a resident goes out of the state, but with the intention of returning, he is regarded as still a resident of that state, and the fact of his absence therefrom will not prevent substituted service of process upon him. 19 Ency. Plead. & Prac. 623. The usual abode as used in the statutes regulating substituted service means a residence into which the person, still a resident of the state, has moved in that state last before the service of process. 18 Ency. Plead. & Prac. 627.

*Ben F. Tweedy, Elmer E. Halsey,* and *S. G. and H. G. Cosgrove,* for respondent, contended, among other things, that the defendant became a nonresident of Washington when she had no abode in the state where substituted service of summons could be made. *Hackett v. Kendall,* 23 Vt. 275; *State v. Furlong,* 60 Miss. 839; *Johnson v. Smith,* 43 Mo. 499; *Ward*

*v. Cole*, 32 N. H. 452, 64 Am. Dec. 378; *Gilman v. Cutts*, 23 N. H. 376; *Langdon v. Doud*, 83 Mass. 423, 83 Am. Dec. 641; *Sleeper v. Paige*, 81 Mass. 349; *Collester v. Hailey*, 72 Mass. 517; *Conrad v. Nall*, 24 Mich. 275; *Campbell v. White*, 22 Mich. 178; *Dent v. Jones*, 50 Miss. 265; *French v. Davis*, 38 Miss. 218; *Miller v. Tyler*, 61 Mo. 401; *Venuci v. Cademartori*, 59 Mo. 352; *Garth v. Robards*, 20 Mo. 523, 64 Am. Dec. 203; *Bensley v. Hachberle*, 20 Mo. App. 648; *Rhodes v. Farish*, 16 Mo. App. 430; *Quarles v. Bickford*, 64 N. H. 425, 13 Atl. 642; *Gray v. Fifield*, 59 N. H. 131; *Bell v. Lamprey*, 52 N. H. 41; *Brown v. Rollins*, 44 N. H. 446; *Ward v. Cole*, 32 N. H. 452, 64 Am. Dec. 378; *Rutland Marble Co. v. Bliss*, 57 Vt. 23. When defendant acquired an abode in another state "entered upon with the intention to remain permanently, at least, for a time for business or other purpose," she did not start the statute to run in her favor by temporary returns to the state of Washington; but during all that time she must be counted as absent from this state. *Rockwood v. Whiting*, 118 Mass. 337; *Murray v. Fisher*, 5 Lans. 98; *Gans v. Frank*, 36 Barb. 320; *Burroughs, v. Bloomer*, 5 Denio 532; *Lee v. McKoy*, 118 N. C. 518, 24 S. E. 210; *Brooks v. Fowler*, 82 Ga. 329, 9 S. E. 1089; *Hacker v. Everett*, 57 Me. 548; *Converse v. Johnson*, 146 Mass. 20, 14 N. E. 925; *Whitton v. Wass*, 109 Mass. 40; *Milton v. Babson*, 88 Mass. 322; *McCord v. Woodhull*, 27 How. Prac. 54; *Armfield v. Moore*, 97 N. C. 34, 2 S. E. 347; *Stanley v. Stanley*, 47 Ohio St. 225, 24 N. E. 493, 21 Am. St. 806, 8 L. R. A. 333; *Lyman v. First Nat. Bank*, 6 Kan. 74; *Smith v. Heirs*, 8 Ala. 386; *Bell v. Lamprey*, 57 N. H. 168; *Connecticut Trust & Safe Deposit Co. v. Wead*, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. 756; *Lawrence v. Hogue*, 105 App. Div. 247, 93 N. Y. Supp. 998; *Bennett v. Watson*, 21 App. Div. 409, 47 N. Y. Supp. 569.

Dunbar, J.—This action was brought on a judgment recovered in the superior court of the state of Washington for Garfield county on the 6th day of October, 1892, against

the defendant. It is alleged in the complaint that the defend-
ant, Alice M. Shaff, after the rendition and filing of said
judgment, departed from and has resided out of the state
of Washington continuously since and before the 1st day of
September, 1897, and has resided continuously during said
time in the state of Idaho. In her answer the defendant
denies the allegation, and alleges that she has been in the
state of Washington for more than six years since the ren-
dition and filing of said judgment, and that said cause of
action is barred by the provisions of §4798 of Ballinger's
Code (P. C. § 281). Judgment was entered for the plaintiff,
and the defendant appeals.

.The only question raised by the assignments of error in
this case is, whether the appellant was a resident of Idaho, or
more strictly speaking, a nonresident of this state, within
the meaning of Bal. Code, §4808 (P. C. §292), which pro-
vides as follows:

"If the cause of action shall accrue against any person
who shall be out of the state or concealed therein, such action
may be commenced within the terms herein respectively limit-
ed after the return of such person into the state, or after
the time of such concealment; and if after such cause of
action shall have accrued, such person shall depart from
and reside out of this state, or conceal himself, the time of
his absence or concealment shall not be deemed or taken as
any part of the time limited for the commencement of such
action."

The assignment that the court erred in not granting a
nonsuit asked for by the appellant depends upon the same
fact. The appellant not standing upon her motion, but
seeing fit to enter upon her defense, the court will review
all the testimony for the purpose of determining the case.

The testimony in this case is meager, but we think it
justifies the findings and conclusions of the court. There
is really no dispute about the facts. It appears, that the
appellant had her abode in Idaho from the 5th day of Septem-
ber, 1897, to the time of the commencement of this action;

that she rented a house and lived there during these years with her daughter, who was the only other member of the family. She was engaged in teaching in the public schools in Lewiston, Idaho, and during the vacations she generally returned to Washington, always however with the intention of returning to Idaho, for her election to a position in the school for the succeeding year was always made known to her before the vacation in each year. She did not generally return to the place in Washington that she claimed as her home, viz., the farm near Clarkston, for the house which she had formerly occupied there was left vacant, soon became uninhabitable, and was later wrecked by a wind storm and the wreck was finally consumed by fire. Her occasional visits to Washington were made to different localities, and were evidently simply visits which any one in her position would ordinarily make during vacation. There was nothing to indicate from such visits that there was any intention or attempt to establish or maintain a residence here. The court found, and the testimony shows, that during all these years there was no one at the place which she claimed as her residence upon whom summons could be served, for there was no one there at all; and after the destruction of the house, there was no usual place of abode or any place where summons could be left. The whole object of the law is to prevent the statute from running during the time the claimant is prevented, without fault on his part, from suing, so that he may have the full benefit of the time allowed him in which to bring his action. It is a practical question, and the creditor's rights cannot be abridged or destroyed by the simple announcement by the absent debtor, conscientious or otherwise, that it was always her intention to maintain a residence in a certain place. The intention must be gathered from actions and circumstances, rather than by an announcement which is inconsistent with a conclusion based upon a reasonable interpretation of the facts.

The appellant relies largely upon the case of *Barney v. Oelrichs*, 138 U. S. 529, 11 Sup. Ct. 414, 34, L. Ed. 1037, where, in construing a New York statute similar to ours, the court held that the words "to reside out of the state" meant taking up an abode or dwelling place elsewhere, as distinguished from a mere temporary sojourn for transient purposes. We have carefully examined this case, but are unable to see that it in any way militates against the judgment in this case. An excerpt from the statement of the court will show the circumstances under which that case was decided. Said the court, in discussing the actions of the defendant:

"To sustain the contention that these items were not barred, plaintiffs put in evidence a letter of the defendant, stating that during the seven years from April, 1861, to April, 1868, his absences from the city of New York were all temporary, and, though frequent, were for short periods, varying from one day to perhaps forty or fifty days; that there were probably only two or three as long as forty days and not more than one as long as fifty days; that they consisted mainly of brief visits to Washington during the first four years, and visits to Iowa and Wisconsin and the South during the following years; and that he estimated they averaged two months a year."

Many New York cases are reviewed in this opinion, and they were all decided on a state of facts similar to the case just above cited. For instance, in *Wrigley's Case*, 4 Wend. 602, the court said:

"Inhabitancy and residence do not mean precisely the same thing as domicile, when the latter term is applied to personal estate, but they mean a fixed and permanent abode or dwelling place for the time being, as contradistinguished from a mere temporary locality of existence."

And in *Frost v. Brisbin*, 19 Wend. 11, 32 Am. Dec. 423, it was said:

"There must be a settled, fixed abode, an intention to remain permanently at least for a time, for business or other

27—51 WASH.

purposes, to constitute a residence within the legal meaning of that term."

In discussing *Burroughs v. Bloomer,* 5 Denio 532, it was said:

"But mere presence was not tantamount to residence under the statute, nor mere absence equivalent to residence elsewhere. And the occasional absences of a resident of the state continuing to reside therein were not to be deduced in computing the statutory term."

Other cases to the same effect are cited. Very different is the case at bar, where there was a permanent employment for years, each employment being for the period of one school year at least, with the evident intention on the part of the appellant to make it permanent if possible. A permanent abode was provided and occupied as a home, the house which was rented being retained by appellant and the rent paid by her during the brief periods when she was away in the vacation season.

We think the testimony fully sustains the conclusion reached by the court, and the judgment is affirmed.

Mount, Crow, Rudkin, and Fullerton, JJ., concur.

Hadley, C. J., and Chadwick, J., took no part.