[Civ. No. 13010.   Second Dist., Div. Two.—June 3, 1941.]

CHARLES W. LONG, Appellant, v. CHARLES A. THOMPSON et al., Defendants; GEORGE K. THOMPSON et al., Respondents.

Wilbert C. Hamilton, Edwin H. Casey, Zuckerman & Stein for Appellant.

John M. Martin and Frank L. Martin, Jr., for Respondents.

MOORE, P. J.—Plaintiff appeals from an unfavorable judgment after an order was entered sustaining a demurrer without leave to amend his complaint under a contract to pay a foreign judgment at a subsequent date in return for a present forbearance.

February 21, 1933, a final judgment was entered in favor of plaintiff against defendants Charles A. and George K. Thompson by the Superior Court of the State of Washington in the sum of $10,000 with interest and costs. On April 16, 1936, plaintiff filed an action upon the Washington judgment in the Superior Court of Los Angeles County. It is identified as action #301002 on the records of that court. Plaintiff caused summons to be issued and served upon defendants. Further details of the story are succinctly told by the pleadings before us. "VI. That on or about the 8th day of October, 1936, in the City of Los Angeles, County of Los Angeles, State of California, the plaintiff by and through his duly authorized agent and attorney, Wilbert C. Hamilton, entered into an express written contract with the defendant, George K. Thompson, by the terms of which plaintiff promised and agreed to forbear, for a period of one (1) year thereafter,

the further prosecution of the action aforesaid and to forbear and cease, during said year, all efforts on his part to effect a satisfaction of the judgment aforesaid, and said defendant promised and agreed to pay to plaintiff ten per cent (10 per cent) of any and all profits thereafter received by said defendant as a result of any and all construction contracts which said defendant should thereafter enter into, the said amounts so paid to plaintiff to be applied on account of the judgment aforesaid, and said defendant promised and agreed to keep plaintiff informed at all times of any and all construction contracts which he should enter into subsequent to said October 8, 1936, and further said defendant promised and agreed to pay to plaintiff the aforesaid judgment in full as soon as the action then being maintained by said defendants in the United States Court of Claims entitled *Charles Thompson and George K. Thompson, Copartners,* vs. *The United States,* Number 42963, was settled and the money therein awarded was received by said defendant.

"VII. That on the 8th day of October, 1936, and at all times herein mentioned, the judgment of the Superior Court of the State of Washington, aforesaid, was and now is a final judgment owed by defendants, and each of them, to plaintiff.

"VIII. That plaintiff is informed and believes, and basing his allegations on said information and belief, alleges that from and after October 8, 1936, to date hereof, the defendants and each of them, have entered into many construction contracts and have received therefor and therefrom many thousands of dollars in profits, the exact amount of which is unknown to plaintiff at this time. That when plaintiff has ascertained the true amount of said profits, he will ask leave of Court to amend this complaint accordingly.

"That plaintiff is informed and believes, and basing his allegations on said information and belief, alleges that on or about May 6, 1940, the United States Court of Claims, in action Number 42963, aforesaid, rendered its opinion, awarding to the defendants, and each of them, the sum of Ninety-two thousand two hundred two and 06/100 Dollars ($92,-202.06), no part of which has to date hereof been paid; that said award is a final judgment of record in the Court aforesaid."

The pleading then alleges that the Thompsons have assigned to defendant bank all of their interest in the award of the court of claims "and that as a result thereof, said defendants and each of them have prevented and made impossible the performance of" a contract of October 8, 1936; that the assignments were made by defendants with intent and for the purpose of delaying and defeating plaintiff's right to the payment of the judgment. Since plaintiff performed all of the obligations imposed on him by the contract of October 8, 1936, and since the Thompsons have violated all of the promises thereby made for them to perform, plaintiff alleges that the entirety of his claim "remains due, owing and unpaid."

It is alleged in count two that the Thompsons stated on numerous occasions subsequent to October 8, 1936, that they were engaged in the performance of several lucrative construction contracts and that in the event plaintiff should attempt to enforce the collection of the judgment they would be compelled to forfeit such contracts and that "if plaintiff would forbear in his efforts to collect the judgment" then defendants and each of them would pay plaintiff in full the amount thereof. That in reliance upon such promises, plaintiff did forbear; that such promises of the Thompsons were made with the intent that plaintiff would act thereon "to the end that eventually and before further judicial action should be taken by plaintiff, the judgment would be declared barred by the lapse of time and the statutes and the laws relating thereto"; that each promise of the Thompsons was made without any intention of performance; that defendant George K. Thompson filed an answer in action #401002 on June 21, 1940, whereby he invokes the statutes of Washington which prescribed the rules with reference to judgments and the lapse of time.

The third count alleges that George K. Thompson, in order to induce plaintiff to execute the writing of October 8, 1936, promised "that if the payment of the money therein agreed to be paid was not made to plaintiff prior to the United States Court of Claims' award, that said award was to be and was by said promises and agreement made a security for the payment of defendants' obligation aforesaid"; that therefore it is necessary that an equitable lien upon such award be impressed by a judgment in this action to the ex-

tent of plaintiff's claim and that defendants should be required to execute such writing as may be necessary to effect a lien and be enjoined from collecting the award until after plaintiff's claim shall have been satisfied. The prayer is for judgment in the amount of the Washington judgment with interest, for an equitable lien upon the moneys in possession of the United States, that defendants be ordered to deliver to plaintiff such legal instruments as may be necessary to effect the purpose of said equitable lien, that defendants be enjoined from collecting the award and for general relief.

Remington's Revised Statutes of the State of Washington provides as follows:

"Section 459. Judgment Lien expires When. After the expiration of six years from the date of the entry of any judgment heretofore or hereafter rendered in this state, it shall cease to be a lien or charge against the estate or person of the judgment debtor.

"Section 460. Proceedings for Extensions Denied. No suit, action or other proceeding shall ever be had on any judgment rendered in this state by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment, except as in the next section of this Act provided."

Respondents correctly declare the law to be that by virtue of such provisions the judgment of the Washington court ceases to be a charge against the person or estate of the judgment debtor six years after entry of the judgment and that no new judgment can extend the period of the duration of the old judgment beyond the six years. (*Roche* v. *McDonald,* 136 Wash. 322 [239 Pac. 1015, 44 A. L. R. 444].) Moreover, a right of action upon a Washington judgment expires with the lapse of six years from the entry in the Washington court. (*Burman* v. *Douglas,* 78 Wash. 394 [139 Pac. 41]; *Ball* v. *Bussell,* 119 Wash. 206 [205 Pac. 423].) But, while on the one hand, they are accurate in espousing the law, on the other, they vainly contend that since plaintiff's rights were created under the laws of Washington, they were destroyed by that same law; that California cannot grant a remedy where no right exists; that under the rule of comity, the law of Washington must prevail and that thereby the judgment, which was the subject of the contract of October 8, 1936,

vanishes into thin air upon the expiration of six years after its entry in Washington, leaving plaintiff bereft of all enforcible rights (citing Code Civ. Proc., sec. 1875, subd. 3; *Interstate Lumber Co.* v. *Tweedy,* 28 Cal. App. (2d) 208 [82 Pac. (2d) 208]; *Anchors* v. *Anchors,* ▉(Cal, App.) [107 Pac. (2d) 973]). Such claims are based upon a misconception of the law and of the facts of this case.

▉ Before us is a written contract executed in California where it is to be performed. It was executed on October 8, 1936. At that time the Washington judgment was a subsisting, valid judgment and had at least two years and two months of life under the Washington statutes. Since it was such a judgment it was a proper subject for a valid contract. That contract is not barred. If it had been barred at the expiration of four years (Code Civ. Proc., sec. 337) from its date, it would have been outlawed after October 8, 1940. But inasmuch as it clearly provides for a forbearance to enforce the collection of the judgment for a year, no rule of limitation could be successfully invoked against it until after October 8, 1941. There was a promise to forbear and forbearance prevailed during the term of the contract.

▉ The promise not to attempt to enforce immediate payment of a judgment is a sufficient consideration for a contract. (*Estate of Thomson,* 165 Cal. 290 [131 Pac. 1045]; *Santa Ana Sugar Co.* v. *Smith,* 116 Cal. App. 422 [2 Pac. (2d) 866]; *Parrino* v. *Rallis,* 116 Cal. App. 364 [2 Pac. (2d) 515]; *Lincoln Holding Corp.* v. *Levering,* 219 Cal. 427 [27 Pac. (2d) 74]; Cal. Civ. Code, secs. 1605, 1614.) Also it is a lawful, valid consideration. ▉ Since defendants gave a new promise to be performed in California to pay the Washington judgment in return for a valuable consideration, they thereby renewed the old obligation enforcible in California and justiciable under its laws. (*Fenton* v. *Edwards & Johnson,* 126 Cal. 43, 47 [58 Pac. 320, 77 Am. St. Rep. 141, 46 L. R. A. 832]; Cal. Civ. Code, sec. 1646.) By their contract with plaintiff on October 8, 1936, defendants placed themselves in a position comparable to that of a debtor who gives a new note as evidence of an old debt. Where an endorser wrote a letter acknowledging his liability on his endorsement

and promise to pay the note in anticipation of a forbearance for more than six months, it constituted an independent contract supported by a valid consideration. (*Dittmar* v. *Frye*, 200 Wash. 451 [93 Pac. (2d) 709, 715, 124 A. L. R. 708].)

Although the obligation to pay the Washington judgment was in all respects lawful, regular and fair, its only function disclosed by the complaint was to serve as a consideration for the contract sued upon.  ▆  Where an additional promise is made with reference to a right of action which has become barred, a new promise to pay the barred debt must form the basis of the creditor's action, not the original obligation. (*Rodgers* v. *Byers*, 127 Cal. 528 [60 Pac. 42].) Also if the new promise was made while the old debt was legally enforcible and is coupled with a condition, the action is founded upon the substituted conditional promise if instituted after the original obligation has become barred. (*Ibidem.*)

We are, therefore, not concerned with the right of the judgment creditor to renew the Washington judgment. Plaintiff might have proceeded to do so in harmony with section 157 of Remington's Revised Statutes of Washington and section 336 of our Code of Civil Procedure. Section 168 of the Washington statutes provides for the suspension of operation of section 157 while the judgment debtor resides outside of Washington. Defendants were absent from Washington for more than three years following the entry of the judgment. The statute of limitations was suspended during that time. (*Dignam* v. *Shaff*, 51 Wash. 412 [98 Pac. 1113, 22 L. R. A. (N. S.) 996].) But under our view of the pleading, the paramount question here is the right of plaintiff to sue upon the substituted contract which was executed in California. Clearly he has that right.

▆  No count of the complaint lacks an essential to constitute a valid cause of action. The first count alleges a contract and its breach and the resultant damages. (*Barber* v. *Cazalis*, 30 Cal. 92; 6 Cal. Jur. 479, 484.) The second count alleges the successful perpetration of a fraud and the damages certain to flow therefrom. (*Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal. App. (2d) 337 [89 Pac. (2d) 732]; *Lawrence* v. *Gayetty*, 78 Cal. 126 [20 Pac. 382, 12 Am. St. Rep. 29]; *Maynes* v. *Angeles Mesa Land Co.*, 10 Cal. (2d) 587 [76 Pac. (2d) 109]; 12 Cal. Jur. 806.) The third count contains a

statement of facts which in effect pledged the moneys owed defendants by the United States. Such pledge created an equitable lien in favor of plaintiff upon the moneys about to be awarded by the court of claims to defendants. (*Higgins* v. *Manson,* 126 Cal. 467 [58 Pac. 907, 77 Am. St. Rep. 192].)

But conceding for the moment the soundness of the theories and defenses of respondents, they are estopped to deny the damage suffered by plaintiff by reason of his reliance upon the statements and promises of the Thompsons. They made the new promises to pay the Washington judgment and upon those promises and solely by reason thereof, plaintiff acted when he agreed to desist from his efforts to collect his money. According to the allegations of the complaint, while plaintiff kept the faith, defendants spurned their own plighted word; they made construction contracts and collected money but paid none to plaintiff; they received an award from the court of claims out of which they had promised to pay the judgment; but they promptly assigned the award to defendant bank to fortify their credit in the new arena, contrary to a specific promise and to the detriment of plaintiff who in other fields had financed their business operations.

Where a creditor by virtue of the wrongful act of the debtor is prevented from enforcing his judgment during the statutory period which conserves its vitality, his debtor is estopped from taking advantage of the act or omission of the creditor. (*Calistoga Nat. Bank* v. *Calistoga Vineyard Co.,* 7 Cal. App. (2d) 65, 72 [46 Pac. (2d) 246].)

The contention of respondents that the assignment of the moneys due the Thompsons from the United States is invalid because of a failure to observe certain formalities in the drafting of the assignment is not well founded. A strict compliance with the statute is not necessary where the conduct of the parties is such that substantial justice would be served by decreeing that an equitable lien has been created. (*Martin* v. *National Surety Co.,* 300 U. S. 588 [57 Sup. Ct. 531, 81 L. Ed. 822].) The case of *Morrison* v. *Havens,* 24 Cal. App. (2d) 504 [75 Pac. (2d) 515], does not apply. The writing sued upon in that case was the mere personal promise of its author (since deceased) to pay a debt out of a particular fund. The fund was not created and the holder of the writing did not present a claim against the estate.

The judgment is reversed. The trial court is directed to overrule the demurrer and to allow defendants to answer if they be so advised.

Wood, J., and McComb, J., concurred.

A petition for a rehearing was denied June 26, 1941, and respondents' petition for a hearing by the Supreme Court was denied July 30, 1941.