[No. 7,901.—Department One.]

## A. LESLIE *v.* JOHN CONWAY.

CONTRACT FOR DELAY OF PAYMENT—CONSIDERATION—PREMATURE ACTION.—
The defendant being indebted to the plaintiff upon an account, agreed to pay the amount of the debt, and also an amount due from a third person (which he assumed), by transmitting the money through W. F. & Co.'s Express within one week from September 11, 1880; and the plaintiff, in consideration of the defendant's agreement, agreed to the postponement of the payment in his account until the expiration of the time specified. The defendant within that time transmitted the money as agreed, but in the mean time suit had been brought by the plaintiff upon the account. *Held:* The agreement was binding; and it follows the action was prematurely brought.

APPEAL from a judgment for the defendant, and from an order denying a new trial in the Superior Court of the County of Santa Barbara. HATCH, J.

*Richards & Boyce,* for Appellants.

An accord does not extinguish the obligation. It must be first fully executed. (Civ. Code, § 1522; 2 Parsons on Con., 681, note e; id. 683; *Russell* v. *Lytle,* 6 Wend. 390; S. C., 22 Am. Dec. 537; *Pettis* v. *Ray,* 9 Rep. 58; *Bates* v. *Starr,* 2 Vt. 536; S. C., 21 Am. Dec. 568.) The promise to forbear was without consideration, and *nudum pactum.* (Bishop on Con., § 421; *Hughes* v. *Davis,* 40 Cal. 120; *Kellogg* v. *Olmsted,* 25 N. Y. 189; *Bates* v. *Starr,* 2 Vt. 536; *First Nat. Bank* v. *Church,* 3 Thomp. & C. 10; *Van Allen* v. *Jones,* 10 Bosw. 369; *Parmelee* v. *Thompson,* 45 N. Y. 58; *Hunt* v. *Bloomer,* 5 Duer, 202; *Pabodie* v. *King,* 12 Johns. 426; *Barron* v. *Vandvert,* 13 Ala. 238.)

*R. B. Canfield,* for Respondent.

The promise of plaintiff to extend the time to pay the indebtedness to him, was a valid consideration for defendant's promise to pay the claim of Elizalde and the debt of Varelas. (Bishop on Con., § 421; C. C., § 2794, subd. 3.) Under the agreement the debt was not due when the action was begun. (2 Parsons on Con., 5th ed., pp. 683–685, and note 1, p. 684; *Kinsey* v. *Wallace,* 36 Cal. 476; *Monreal* v. *Bush,* 46 id. 79.)

The COURT:

The action was brought to recover three hundred and ten dollars and nineteen cents, gold coin, balance of account for goods, wares, and merchandise sold and delivered.

After the general denials, and for a " separate defense," the defendant averred that the account was stated as alleged in the complaint, and the balance ascertained and agreed to as there alleged. That, at that time, plaintiff was the owner of a bill of exchange for one hundred and forty dollars, drawn on defendant by one M. Elizalde, and there was due to plaintiff from one A. Varelas, an employé of defendant, eighty-five dollars and fifteen cents. That when the account was stated, as aforesaid, the defendant agreed to pay and satisfy the said balance of account, the bill of exchange, and the sum due from Elizalde, by forwarding to plaintiff from San Francisco, by Wells, Fargo & Co.'s express, five hundred and thirty-five dollars and thirty-four cents— two hundred and thirty-five dollars and thirty-four cents thereof to be in silver coin of the United States—within one week from September 11, 1880; and that in consideration of the said promises of defendant, plaintiff agreed to the postponement of the payment of the said balance of account, until the expiration of one week from September 11, 1880. That in pursuance of the aforesaid agreement, and within the time limited, defendant forwarded from San Francisco by Wells, Fargo & Co. the sum of five hundred and thirty-five dollars and thirty-four cents, including two hundred and thirty-five dollars and thirty-four cents in silver coin, as agreed upon. The Court below found the facts as averred in defendant's answer. There was evidence to sustain the findings.

Defendant performed his contract when (within the week) he delivered the money to Wells, Fargo & Co., at San Francisco, to be by them transmitted to plaintiff. The agreement was executed on his part. There was sufficient consideration for plaintiff's promise. In part it consisted in the assumption and payment by defendant of the debt of a third person, A. Varelas. The defendant agreed to pay this debt for a consideration beneficial to him—the forbearance of plaintiff to sue upon the balance of account. The promise of defendant to pay Varelas' debt was, therefore, an original obligation on his part, which constituted a valid consideration for the promise of plaintiff. (Civ. Code, § 2794.) The agreement was binding upon both parties. It followed that this action, brought before the expiration of the week during which plaintiff had agreed to wait, was prematurely brought.

The evidence with respect to any representations as to cattle, which, as claimed by appellant, induced plaintiff to enter into the agreement alleged in defendant's answer, was conflicting.

Judgment and order affirmed.