W. O. GREEN, RESPONDENT, v. JAMES ROBERTSON, APPELLANT.

AGENCY — MIDDLEMAN — COMPENSATION — PUBLIC POLICY. — A person who merely brings two parties together for the purpose of contracting for themselves, may properly receive compensation from each.

CONTRACT — MATURITY. — A contract to pay money upon the happening of a given event matures on the instant the event happens.

APPEAL from a judgment of the Superior Court of Amador County, and from an order refusing a new trial.

The answer contained no denials, but averred that the plaintiff, while in the employ of defendant, as his agent, to procure a purchaser of his ranch, was also in the employ of Tucker, the purchaser, and receiving compensation from him; and that he concealed this fact from defendant. It claimed that, for this reason, the contract was contrary to public policy and void. The other facts are stated in the opinion.

*Charles R. Gray,* for Appellant.

The complaint is insufficient. It appears that the obligation matured on the day the action was commenced. The defendant had the whole of that day within which to pay. (*Wilcombe* v. *Dodge,* 3 Cal. 261; *McFarland* v. *Pico,* 8 Cal. 627; *Davis* v. *Eppinger,* 18 Cal. 379; *Bell* v. *Sackett,* 38 Cal. 410; *Hathaway* v. *Patterson,* 45 Cal. 299.)

An agent cannot receive commissions, when he has acted for both seller and purchaser in the same transaction, without the knowledge of both. (§ 2306, Civ. Code. *Farnsworth* v. *Hemmer,* 1 Allen, 494; *Walker* v. *Osgood,* 98 Mass. 349; *Rice* v. *Wood,* 113 Mass. 133.)

*A. C. Brown,* for Respondent.

The money was due on the contract the instant the purchase money for the ranch was paid.

The agreement is valid. (*Middleton* v. *Findla,* 25 Cal. 76, 82; *Blood* v. *Shannon,* 29 Cal. 393; *Phelan* v. *Gardner,* 43 Cal. 306; *Heyn* v. *Philips,* 37 Cal. 529; *Gonzales* v. *Broad,* 57

Cal. 224; *Mathewson* v. *Fitch*, 22 Cal. 86; *Shaw* v. *Andrews*, 9 Cal. 73; *Hoffman* v. *Vallejo*, 45 Cal. 564.)

MYRICK, J.—This action was brought to recover judgment for four hundred dollars and interest on the following instrument:—

"JACKSON, CAL., March 17th, 1882.

"I hereby agree and promise to pay unto William O. Green the sum of four hundred dollars, for and in consideration of services to me rendered by him in finding a purchaser and selling my ranch to John Tucker, when the said Tucker or his assigns pays to me the balance of the purchase price, to wit, the sum of twenty-six hundred dollars, and when such payment is made by said Tucker, then I agree to pay the said $400 to said William O. Green.

"JAMES ROBERTSON."

In addition to the averments of execution of the instrument, plaintiff averred that the balance of the purchase price, twenty-six hundred dollars, had been paid by Tucker to the defendant.

The defendant admitted the employment and services, the execution of the instrument, and that the balance of the purchase price had been paid.

The plaintiff was entitled to judgment on the pleadings. Neither of the defenses was sufficient to prevent recovery.

First. As soon as the money was paid by Tucker the defendant owed the four hundred dollars to plaintiff, and plaintiff could maintain his action without waiting for the day to expire. The instrument does not say "on the day Tucker pays me I will pay the plaintiff"; but it says in effect, "when he pays me I will pay."

Second. The matters set up in the answer as to the employment of plaintiff by Tucker, do not constitute a defense. The plaintiff made no bargain for the sale of the property; he was not authorized to make a bargain; he undertook to bring the buyer and seller together, and he did so; they made their own bargain; and, after plaintiff had rendered his service and brought them together, and after they had made their bargain, the defendant executed the instrument in suit. There is no pretense that the defendant is not satisfied with the price he

received; no pretense that Tucker is not satisfied with the price he paid.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.