[S. F. No. 4692. Department One.—May 26, 1908.]

## F. P. MARINOVICH, Respondent, v. F. A. KILBURN, Appellant.

ACTION UPON CONTRACT TO PURCHASE STOCK—INDEPENDENT AGREEMENT —EVIDENCE—VARIANCE NOT SHOWN.—In an action upon an alleged contract to purchase fifty shares of stock in a corporation at sixty dollars per share, in case of any default in the payment of an annual dividend of not less than three and one half per cent on

each of said shares, at that price, it being alleged that no dividends were paid, where the contract offered in evidence to prove the cause of action alleged, contained an independent agreement to make good each annual dividend, in event of non-payment thereof at the rate of three and a half per cent upon plaintiff's investment, it does not establish any variance.

ID.—WANT OF CONSIDERATION OF CONTRACT OF PURCHASE—PERFORMANCE OF PLAINTIFF'S OBLIGATION.—Where plaintiff had only paid seven hundred and fifty dollars on account of the purchase of fifty shares of stock at a price of three thousand dollars, and the contract was made by defendant to repurchase the stock, to induce the defendant to perform his obligation to pay up his subscription to the stock, neither the existence of that duty, nor the performance of it by the plaintiff would constitute any consideration for the contract by defendant to purchase the stock.

ID.—CONTRACT INDUCED BY FRAUD—EVIDENCE—QUESTION FOR JURY.— Where there was some evidence tending to show that the contract by the plaintiff to buy the stock was induced by defendant's fraud, and the evidence was conflicting as to whether the fraud was connected with defendant's agreement to buy the stock, the court should have left the question to the jury under proper instructions.

ID.—ERRONEOUS INSTRUCTIONS—FRAUD BEARING ON CONSIDERATION.— After the court had properly instructed the jury as to the insufficiency of plaintiff's obligation to pay up his subscription to stock as a consideration, it was erroneous to instruct them, in effect, that the mere existence of the fact, if found by them, that plaintiff was induced to buy the stock from the company solely by the fraud of the defendant, constituted a sufficient consideration for defendant's subsequent contract to buy the stock, without providing for any finding as to the connection of the fraud with such contract.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

Chas. M. Cassin, and Cassin & Lucas, for Respondent.

SHAW, J.—Appeal by the defendant from the judgment and from an order denying his motion for a new trial.

On July 21, 1903, the defendant executed the following contract in writing:—

"Whereas, F. P. Marinovich is the owner of fifty shares of the capital stock of the Watsonville Transportation Company, for which he has paid the sum of $3,000.00, or $60.00 per share, in full payment therefor:

"Now, these presents witnesseth: That in the event of the non-payment of an annual dividend of not less than three and one half per cent upon the purchase price of said stock, I hereby agree to pay to F. P. Marinovich that sum, viz: three and one half per cent upon his investment of $3,000.00, in said stock, myself.

"I further agree that in the case of any default in the payment of an annual dividend of not less than three and one half per cent upon each of the fifty shares of said stock owned by said F. P. Marinovich, to purchase the same at any time he may request me to do so, after such default; and to pay therefor the sum of $60.00 per share spot cash, upon the delivery to me of the certificate of stock properly indorsed."

The company never paid any dividend upon the stock, whereupon, on March 30, 1905, the plaintiff tendered to defendant his certificate of stock, properly indorsed, and demanded that defendant then and there repurchase said stock and pay plaintiff three thousand dollars therefor. Defendant refused and the plaintiff began this action to recover the price so agreed upon. The action was tried by a jury, which returned a verdict for the plaintiff for three thousand dollars.

The complaint declared upon the above contract according to its legal effect, averring, in substance, that the defendant thereby agreed to purchase the fifty shares of stock in question at the price of three thousand dollars, if the company did not pay an annual dividend of not less than three and one half per cent upon said stock. Upon the trial, the introduction of the contract in evidence, in support of the allegation, was objected to on the ground that there was a variance between the contract alleged and that offered in proof, and the objection was overruled.

The claim that there is a variance is made upon the theory that the agreement does not bind Kilburn to buy the stock, except upon the failure of the company to pay an annual dividend equal to one hundred and five dollars, and his own failure to make it good. It cannot properly be so construed.

Kilburn agreed to make the yearly dividend good to the
extent of one hundred and five dollars, or three and one half
per cent of three thousand dollars, in the event that the com-
pany failed to pay a dividend of that amount upon plaintiff's
stock of the par value of five thousand dollars. He agreed
to buy plaintiff's stock, not upon the failure of the company
to pay an annual dividend of one hundred and five dollars
upon that stock, coupled with his own failure to make it good,
but upon plaintiff's request "in the case of *any default* in the
payment of an annual dividend of not less than three and one
half per cent *upon each of the fifty shares of said stock owned
by*" plaintiff, without any reference to the added failure of
Kilburn to make it good to the extent of one hundred and five
dollars. The two provisions relate to different events and
are independent of each other. The payment claimed to have
been made by Kilburn of a sum equal to three and one half
per cent upon the three thousand dollars invested by Marino-
vich, on failure of dividends by the company, as provided in
the first clause of the agreement, did not relieve him of his
obligation to buy the stock, imposed on him by the last clause
in case of such failure by the company. Plaintiff's right to
insist on the sale to Kilburn was made to depend solely on the
failure of the company to pay the required dividend, and
not at all upon the added failure of Kilburn to make good the
company's default. There was no variance.

The defense chiefly relied on was want of consideration.
The plaintiff had bought the stock from the company at the
price of three thousand dollars, paying therefor at the time
of purchase the sum of seven hundred and fifty dollars. In
July, 1903, the company was urging Marinovich to pay the
two thousand two hundred and fifty dollars remaining unpaid
upon the purchase price, and plaintiff refused to pay it, stat-
ing as his reason that he had heard that there was going to
be promoters' stock issued. The defendant was a director of
the company and much interested therein. He thereupon, in
order to induce plaintiff to pay to the company the balance
of his stock subscription, executed the contract sued on, and
plaintiff, in consideration thereof, paid said sum of two thou-
sand two hundred and fifty dollars to the company, and there-
upon his certificate was by the company indorsed as fully paid
stock.

The principal contention of the plaintiff, upon this appeal, is that the fact that the plaintiff was unwilling to perform his contract to pay to the company the balance of his subscription, and was refusing to do so, and the fact that he agreed to, and did, perform it because of the agreement sued on, constituted a sufficient consideration for the agreement on the part of Kilburn to buy the stock and pay him three thousand dollars therefor. We think this proposition is not tenable. This court has said, "It is well settled that neither a promise to perform a duty, nor the performance of a duty, constitutes a consideration of a contract." (*Sullivan* v. *Sullivan*, 99 Cal. 193, [33 Pac. 862].) In *Ellison* v. *Jackson Water Company*, 12 Cal. 553, Ellison was bound by contract to do certain work for the Jackson Water Company. Thereafter, one Bayerque, a defendant in the action, promised that if Ellison would proceed with the work, he, Bayerque, would pay to Ellison the amount due under the contract. The court says: "A promise *to Bayerque* to perform this contract could furnish no consideration for a promise *by him*. The consideration of the original contract could not attach to the subsequent promise." (The italics are ours.) In *Schuler* v. *Myton*, 48 Kan. 282, [29 Pac. 165], the principle is thus stated: "An agreement to do, or the doing of, that which one is already bound to do, does not constitute a consideration for a new promise." To the same effect, see 6 Am. & Eng. Ency. of Law, p. 752; 9 Cyc. 354, and many cases cited therein. In the case at bar the plaintiff was already under obligation to the company to pay the balance of his subscription. According to this contention all he agreed to do in consideration of the agreement of Kilburn was to pay the obligation to which he was already bound. The case comes precisely within the principle above stated. We cannot perceive anything in section 1605 of the Civil Code contrary to the principle just stated. Upon the theory we are now discussing, no benefit would accrue to Kilburn by the payment of the stock subscription, beyond that which he was already entitled to as a stockholder in the company, and no prejudice would be caused to Kilburn by the payment of the stock subscription, except that which he was already bound to suffer.

The plaintiff in support of his contention cites the case of *Abbott* v. *Doane*, 163 Mass. 433, [47 Am. St. Rep. 465, 40

N. E. 197], and other cases in Massachusetts and in England. These cases support the proposition as contended for, but they are contrary to the general current of authority and to the decisions above quoted in this state.    (9 Cyc. 354; 6 Am. & Eng. Ency. of Law, p. 752.)

Plaintiff further claims that the evidence shows that he was induced by fraud to buy the stock from the company, that he was claiming a right to refuse to complete his purchase because of this fraud; that Kilburn by the agreement sued on induced him to waive his objections and any defense founded on such fraud and forthwith to pay the balance due on his subscription, and that upon this theory there was good consideration for the agreement. It may be conceded that there was some foundation in the evidence for this claim. It is not necessary here to recite the evidence nor to consider its sufficiency upon the subject, for we find that the court gave the jury an erroneous instruction relating thereto.

After correctly stating to the jury that if the only consideration for Kilburn's contract to buy the stock of plaintiff was the payment by plaintiff to the company of the balance of his stock subscription for which he was already bound, then there was no sufficient consideration for Kilburn's agreement, the court added the following:—

"However, if you find that the defendant represented to the plaintiff before the plaintiff subscribed for any stock of the Watsonville Transportation Company that there would not be issued any promotion stock, and that said plaintiff believed said representation and acted upon it and by reason thereof subscribed for said fifty shares of stock, and would not have subscribed for them but on account of said representations, and if you further believe that a large amount of promotion stock was issued and delivered by said corporation to different persons, then I instruct you that there was a sufficient consideration for the execution of said agreement."

The vice in this instruction is that it directs the jury that the mere existence of the fact that plaintiff was induced to buy the stock from the company solely by the fraud of the defendant, constituted a sufficient consideration for the defendant's subsequent agreement to buy the stock from plaintiff. This could not be a correct proposition of law as applied to this case, unless the fraud referred to was in some way

connected with Kilburn's agreement, as, for example, that plaintiff in consideration of that agreement waived his claim that he had a good defense against his obligation to pay for his stock and made such payment accordingly. But upon this point the evidence was conflicting. The testimony of the plaintiff tended in some degree to support the proposition, but there was other evidence to the effect that the plaintiff based his refusal to pay for the stock solely upon the ground that he thought it was a poor investment. Conceding, but not deciding, that there was evidence sufficient to establish the fraud referred to, the question whether or not his refusal to complete the contract was based on his complaint of fraud in inducing him to purchase it or upon other reasons not connected with the fraud, should have been submitted to the jury.

Certain errors in rulings upon the admission and rejection of evidence are complained of, but in view of the fact that the case must be reversed and remanded for a new trial, and it is not probable that the rulings will be repeated, we think it unnecessary to consider them.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.