[Civ. No. 7755. First Appellate District, Division One.—August 28, 1931.]

GUISEPPE PARRINO, Appellant, v. THEODORE M. RALLIS et al., Defendants; L. RALLIS, Respondent.

Sylvester Andriano and William R. Lowery for Appellant.

Hugh K. McKevitt and Holloway Jones for Respondent.

THE COURT.—The above action was brought upon a promissory note executed to plaintiff by defendants T. M. Rallis and L. Rallis, his wife. The instrument, which was for $1303, was dated August 2, 1926, and payable with interest on August 1, 1927. Some time before its date defendant T. M. Rallis became indebted for money loaned and services rendered by the plaintiff and others. The latter assigned their claims to the plaintiff, and the note was for the amount of the claims.

Defendant L. Rallis alleged, "that neither at the time of the execution of said note nor at any other time was there any express agreement between the parties for a forbearance of the collection of the sum then owing to plaintiff; nor was there at any of said times any express agreement to extend the time of payment of said sum; nor was there any intention by the parties to make the forbearance of collection or the extension of time of payment any part of the consideration for the execution of said note by said defendant L. Rallis".

Defendant T. M. Rallis made no defense to the action.

The above allegations were found to be true, and judgment was accordingly entered against T. M. Rallis and in favor of L. Rallis, his wife. The plaintiff appealed from the latter portion of the judgment, and as grounds therefor it is contended that the court's finding, which followed the language of the above defense, is unsupported by the evidence.

■ Forbearance is sufficient to constitute a valid consideration, although it must be under an agreement to forbear, mere forbearance alone being insufficient (*Estate of Thomson,* 165 Cal. 290 [131 Pac. 1045]). ■ And it is not necessary that one signing a note as an accommodation maker or as a surety derive any benefit therefrom so long as the payee of the note suffers a detriment (*Westphal* v. *Nevills,* 92 Cal. 545 [28 Pac. 678]). ■ While the record here discloses no evidence of an express agreement by the plaintiff to forbear, such an agreement might be implied from the taking of a note payable at a future time as this suspends action on the original debt (8 Cor. Jur., Bills and Notes, p. 237; *Gnarini* v. *Swiss-American Bank,* 162 Cal. 181 [221 Pac. 726]). The court found, however, that there was no intention by the parties to make the forbearance of the collection, or the extension of time payment, any part of the consideration for the execution of said note by said L. Rallis, and concluded therefrom that there was no consideration for the execution of the note by her.

■ A finding will not be disturbed if there is substantial evidence to support it (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]), and this is true, though there be no conflict in the evidence, if different inferences may reasonably be drawn therefrom. (*Fanning* v. *Green,* 156 Cal. 279

[104 Pac. 308]; *MacDermot* v. *Hayes,* 175 Cal. 95 [170 Pac. 616].) ▉ It is undisputed that Mrs. Rallis was not indebted for any part of the claims against her husband, and that there was no agreement by her other than that contained in the note to pay the same. Further, the testimony shows that T. M. Rallis signed the note at a bank during the forenoon of the day it bears date, and that during the afternoon of the same day it was taken by plaintiff and one Damico to the store conducted by the defendants, both of the latter being present, and by Damico handed to Mrs. Rallis, the plaintiff at the same time stating that he wished her signature thereon merely as a matter of form. These facts fairly support the conclusion that the note, after being signed by T. M. Rallis at the bank, was then and there delivered to the plaintiff and accepted by him as the sole consideration for his implied promise to forbear; and that such acceptance was not conditional upon the execution of the note by Mrs. Rallis. This being true, and plaintiff's right of action on the original debt having been suspended by the acceptance of the note by T. M. Rallis, a subsequent promise to forbear, express or implied, would furnish no consideration for a promise by L. Rallis to pay the same. ▉ An agreement to do that which one is already bound to do does not constitute a consideration for a new promise (*Ellison* v. *Jackson Water Co.,* 12 Cal. 553; *Marinovich* v. *Kilburn,* 153 Cal. 638 [96 Pac. 303]); and we are satisfied that the finding together with the court's conclusion that there was no consideration for Mrs. Rallis' promise are fully supported by the evidence.

The portion of the judgment appealed from is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931.