[Civ. No. 4888. Third Appellate District.—July 28, 1933.]

THOMPSON RAMSEY TIPTON, Appellant, v. FLOR-
ENCE KATHERINE TIPTON, Respondent.

[Civ. No. 4889. Third Appellate District.—July 28, 1933.]

FLORENCE KATHERINE TIPTON, Respondent, v.
THOMPSON RAMSEY TIPTON, Appellant.

Clarence L. Belt and E. S. Green for Appellant.

Koenig & Brunton for Respondent.

BURROUGHS, J., *pro tem.*—The above causes were consolidated for trial and also for the purposes of the appeals.

We will first consider the appeal in the case of *Florence Katherine Tipton* v. *Thompson Ramsey Tipton*. This is an action for divorce. At the former trial the plaintiff was granted a decree of divorce from the defendant on grounds of desertion and extreme cruelty. The court allotted all of the community property of the parties, which consisted of real estate of the value of $2,500, and also an automobile, to the defendant husband, who was the offending party. Thereupon the plaintiff appealed on the judgment-roll from that part of the interlocutory decree which awarded all of the community property to the defendant. The Supreme Court held that where a decree of divorce was granted on the ground of desertion, there was no discretion vested in the trial court but to divide the community property equally between the spouses. (Civ. Code, sec. 146, subd. 2.) When such a decree was granted on the ground of extreme cruelty, the community property must be assigned "in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just". (Civ. Code, sec. 146, subd. 1.) From the section the Supreme Court also held that it was contemplated that the nonoffending party was entitled to a greater proportion of the community property than a moiety. It also appearing that all of the community property had been awarded to the defendant, who was the offending party, the judgment was reversed as to the disposition made of the community property. (*Tipton* v. *Tipton*, 209 Cal. 443 [288 Pac. 65].) The cause was again tried upon the issue as to the rights of the respective parties to the community property. At the conclusion of the trial the court found that the real estate was the sole and

separate property of the plaintiff, subject to a community interest of the parties to the extent of $800, and awarded that portion of the community property to the plaintiff. The court further found that a certain Essex automobile of the approximate value of $400 was also community property, and it was awarded to the defendant.

The first trial was held before Honorable J. Walter Hanby and the second trial before Honorable C. P. Vicini. The evidence taken at the first trial was not introduced upon the second trial, and no evidence of specific acts of cruelty was introduced at the last-named trial. It is said in appellant's opening brief that "The jurisdiction of Judge Vicini upon the second trial of this case was plainly limited to the disposition of the 'sole question' which remained for determination as stated in the opinion, that is, the division of the community property." In this we quite agree with counsel. The court found that the real estate was the separate property of the plaintiff, subject to a community interest of $800, which was awarded to the plaintiff, who was the injured party. The court also awarded a $400 community interest in one Essex automobile to the defendant, who was the offending party. We are of the opinion that when the Supreme Court returned the cause to the lower court to retry the issue of the rights of the parties in the community property, it became the duty of the court to determine what constituted the community property of the parties, and to divide it. (*Reid* v. *Reid*, 112 Cal. 274 [44 Pac. 564]; *Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438 [257 Pac. 521].) We do not believe that it was necessary for the court to receive in evidence the testimony taken at the former trial. The court had a right to examine and use the findings of fact, conclusions of law and judgment in the former trial, bearing on the question of extreme cruelty, which had become final. In addition, it was also found on the second trial "That the plaintiff is in a weak physical condition, and is unemployed and not in good health," which finding is not attacked. It was not necessary to retry the entire issue of cruelty. (*Chandler* v. *People's Sav. Bank*, 73 Cal. 317 [11 Pac. 791, 14 Pac. 864, 2 Am. St. Rep. 812]; *Duff* v. *Duff*, 101 Cal. 1 [35 Pac. 437].) Furthermore, had this appellant desired to have the testimony taken at the former trial before the court on

the second trial, he had the privilege of offering it in evidence. Upon the subject the following colloquy took place between the parties: Question by Mr. Belt, counsel for appellant: "Q. Now, then, Mrs. Tipton, according to your divorce complaint, almost immediately after you and Mr. Tipton entered marriage he treated you in a cruel and inhuman manner? A. He did. Q. And did that continue until the date of the separation? A. It did. Mr. Brunton [counsel for defendant]: You are not going into the marriage and divorce? Mr. Belt; No, far from it." These questions and answers of themselves disclose cruelty.

We are of the opinion that there is no merit in the claim of appellant and that this judgment should be affirmed.

*Thompson R. Tipton* v. *Florence K. Tipton:* This action was brought for the purpose of quieting plaintiff's title to the land which was determined in the divorce action to be the separate property of the defendant in this action, and also to establish the existence of a lost deed from the defendant through which plaintiff claims title to said land as his separate property. Judgment went for the defendant and the plaintiff appeals therefrom.

■ Appellant claims that certain material allegations of his complaint were not denied by the answer, and as we construe his contention, the findings and conclusions of the court and the judgment based thereon are contrary to these findings. Without analyzing the various points advanced in support of this contention, it is sufficient to say that the case was tried upon the theory that the material allegations of the complaint were denied; evidence for and against the various claims of the respective parties, as though all of the allegations of the complaint were denied, was received without any objection; findings and judgment were entered and the insufficiency of the denials of the answer are now raised for the first time. The following rule, appearing in volume 2, California Jurisprudence, page 246, section 73, is applicable to such a situation: "It is a general rule that where, notwithstanding the fact that the denials in an answer are not as broad as the allegations of the complaint or are otherwise insufficient to put the allegations of the complaint in issue, the answer is treated as putting the material facts in issue, the plaintiff cannot for the first time on appeal object that such denials were insufficient for any purpose."

This rule has been followed in *Schuh* v. *R. H. Herron Co.,* 177 Cal. 13, 18 [169 Pac. 682]; *Zimmer* v. *Kilborn,* 165 Cal. 521 [132 Pac. 1025]; *Kuhn* v. *Dickey,* 66 Cal. App. 227 [225 Pac. 867].

The point is without merit.

■ It is also advanced as a ground for reversal that the court's finding numbered two is not sustained by the evidence. The criticised finding is to the effect that between February 1, 1927, and February 15, 1928, while the plaintiff and defendant were husband and wife, the defendant made, executed and delivered a grant deed of the property which is the subject matter of this litigation to the plaintiff. The court further found in this connection that the said deed contained a condition precedent wherein said deed was not to become effective and was to be null and void unless the sum of $200 was paid to the defendant's father on or before one year from the date thereof, which said sum was not paid within the time specified, and said deed thereby became of no force or effect and the court further found that no consideration was ever paid the defendant for the execution of said deed.

It is claimed by the appellant that this finding is not sustained by the evidence. The evidence discloses that the deed itself had never been recorded and was lost. Oral evidence of its contents was admitted. In answer to a question propounded by her counsel, defendant testified that she had a condition put in the deed to plaintiff that a debt owed by the plaintiff and defendant to the latter's father, in the sum of $200 should be paid by plaintiff. She testified: "That this deed will be made null if the sum of $200 is not paid on or before February 1, 1929, to H. Meinker." She further testified that the $200 was never paid; further that she had never received any consideration from the plaintiff for the execution of the deed.

This evidence, if believed by the court, and apparently it was, is sufficient to support that portion of the finding attacked by plaintiff. The testimony of the witnesses relied upon by the plaintiff merely raised a conflict.

■ It is a further contention of the appellant that the court was in error in finding that the payment of $200 to defendant's father was a condition precedent to the taking effect of the deed, because the language used by the defend-

ant was that the deed "will be made null and void" if the money was not paid. Whether the condition annexed was precedent or subsequent is immaterial for the reason that the money was never paid and the time for the payment has, under either condition, long since expired.

Appellant admits that no consideration was paid respondent for the deed given him, but he contends that the fact that the property was the separate property of the respondent and she was a joint maker with him on the note which was given for the purchase price of the property, furnished a sufficient consideration. However, a promise by one to fulfill his own contract with another is no consideration for a promise by a third party. (6 Cal. Jur. 719, sec. 122; *Ellison* v. *Jackson Water Co.*, 12 Cal. 542; *Parrino* v. *Rallis et al.*, 116 Cal. App. 364 [2 Pac. (2d) 515].)

Appellant also says that the court's finding that the allegations of paragraph V of the plaintiff's complaint are true fixes the time of the delivery of the deed by the respondent as occurring during the month of February, 1927. The facts are that the allegation of the complaint, found by the court to be true, alleged that the deed was delivered between November, 1927, and February 15, 1928. During the progress of the trial the plaintiff asked leave to amend this part of the pleading by alleging the delivery between February 1, 1927, and February 15, 1927, which amendment was allowed by the court, although it was never inserted in the complaint. The finding of the court is that the allegation of paragraph V of the complaint is true and not paragraph V as amended. However, we cannot see where this finding as to the exact date of delivery is material, in the face of the other findings of the unperformed condition of the deed and that it was given without consideration. Further, the defendant testified that the deed was delivered in February, 1928, and the time for the fulfilment of the condition was one year later, which was more favorable to plaintiff than a delivery thereof in 1927. It is clear from the record that only one deed was given.

The court's finding number IV is attacked. This finding is to the effect that at all times since March 15, 1927, plaintiff was in the possession of the property and had paid all taxes and assessments against the property and all interest charges upon encumbrances against the same.

But it was further found therein that such possession was with the consent of the defendant and the aforesaid payments were made in accordance with an agreement of the parties, which payments were to take the place of the value of the use and occupation of the premises.

Conceding that this finding is without support in the evidence, we cannot see, nor has it been pointed out, what effect it has upon the ownership of the property, which has been found by the court to be the separate property of the defendant. It is an immaterial finding.

■ The court further found that the defendant, in executing the deed to the property in dispute, did not intend to divest herself of the ownership of the property, but conveyed it to the plaintiff so that he could borrow money thereon for the purpose of making improvements on the house situated on the premises. This finding was amply sustained by the evidence, but it is claimed by appellant that the intent with which a deed is executed cannot be testified to. In *Gilmour* v. *North Pasadena Land etc. Co.*, 178 Cal. 6, 9 [171 Pac. 1066, 1067], where the dispute was whether or not certain land was conveyed to a husband and wife as community property or because of the insistent demand of the wife that she should have a separate interest in the property, the court says: "The intent accompanying the act is to be inferred by the court or jury from all the circumstances, and the party's own testimony that he did not intend to make a gift, while competent, is not conclusive."

But irrespective of this point we are again confronted with the fact that the plaintiff failed to keep the condition requiring the payment of the money to defendant's father, and further, that the deed was given to plaintiff without consideration, and either one of these facts constituted a defense to the plaintiff's judgment quieting his title to the property.

■ So far as the restoration of the lost deed is concerned, under the state of the record, the property belongs to the defendant, and its restoration would be an idle act.

We believe that what has already been said disposes of the appeal in each case. Therefore each one of said judgments is affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.