[Civ. No. 7891. Second Appellate District, Division One.—July 17, 1934.]

UNITED STATES GYPSUM COMPANY (a Corporation), Respondent, v. SNYDER–ASHE COMPANY (a Corporation) et al., Appellants.

Fred E. Peterson, Berge Lion and Hugh M. Foster for Appellants.

Gibson, Dunn & Crutcher, Henry F. Prince and Ira C. Powers for Respondent.

YORK, J.—This is an appeal from a judgment recovered by plaintiff in an action brought against the defendant cor-

poration upon an open book account for materials furnished by plaintiff to the defendant, the unpaid balance of which was found by the court to be $8,603.32. The complaint alleged a second cause of action upon an account stated dated on or about July 29, 1929, by the terms of which it was found that defendant was indebted to plaintiff in the sum set out in the first count. The third cause of action alleged a common count for materials sold and delivered, and the fourth, fifth and sixth causes of action set up three trade acceptances, and in addition, the complaint attempted to join an action for stockholders' liability.

The answer denied all the allegations of the complaint and alleged that the obligation was extinguished by an agreement under the terms of which the defendant corporation agreed to pay to plaintiff the sum of $2,000 on July 15, 1929, and agreed to and did give to the plaintiff its promissory notes extending over a period of six months for the balance due to the plaintiff. It was found by the court that the defendant corporation never made the $2,000 cash payment, but ''that some time subsequent to July 15, 1929, and prior to July 30, 1929, said defendant delivered to plaintiff six promissory notes in the total amount of eight thousand six hundred three and 32/100 dollars ($8,603.32) and that these notes were not accepted by plaintiff, and were, on July 29, 1929, deposited by plaintiff in its outgoing mail in an envelope addressed to the said defendant. That plaintiff did not, on July 11, 1929, or at any other time, or at all, offer or agree to accept said or any promissory notes of the said defendant, or any notes whatever, except upon the condition that a cash payment of two thousand dollars ($2,000.00) be made by defendant Snyder-Ashe Company, Inc., on or before July 15, 1929.''

Upon this appeal appellant contends that the evidence is insufficient to sustain the decision of the court or the judgment, or to sustain or justify the findings of fact; that the complaint does not state facts sufficient to constitute a cause of action against the stockholders; that motion for nonsuit should have been granted; and finally, that the evidence is insufficient to sustain the findings of fact or the judgment as to the ownership of the shares of stock and as to any liability thereon.

This appeal comes to this court upon a bill of exceptions, which, however, does not show by any statement that it contains all of the evidence adduced at the trial of the case. Nevertheless, we are of the opinion that the evidence in the record before us is sufficient to sustain the findings of fact and the judgment, both as to the question of novation and of stockholders' liability. The evidence shows that the cash payment of $2,000 was a condition precedent to the acceptance by plaintiff of the promissory notes, and that until both the cash payment and the notes were in the hands of plaintiff, the original obligation remained in full force and effect, and the novation (if any) was not effective. It would seem, too, that plaintiff on receipt of the notes promptly returned them to defendant corporation.

"Novation, strictly speaking, implies four essential requisites: 1. A previous valid obligation; 2. The agreement of all the parties to the new contract; 3. The extinguishment of the old contract; and 4. The validity of the new one." (*Young* v. *Benton,* 21 Cal. App. 382 [131 Pac. 1051]; *California C. P. Growers* v. *Downey,* 76 Cal. App. 1, 18 [243 Pac. 679].) There is nothing in the evidence before us that shows an extinguishment of the old contract.

The court found that at all times mentioned in the complaint and during the period subsequent to December 31, 1927, the total subscribed capital stock of the defendant corporation consisted of two hundred shares of the par value of $100 each; the court also found that the said defendants Ashe, Peterson and Hart, prior to the year 1928, caused the defendant company to issue to them in their respective names as owners, original certificates of stock representing in the case of each of said defendants the number of shares of capital stock of said company set opposite their names, as follows: R. C. Ashe, 89 shares; Fred E. Peterson, 59 shares; Cornie W. Hart, 48 shares, and that they have at all times since said time retained possession of said certificates of stock so issued; that the names of said defendants, with the knowledge and consent of each of them, have at all times since said date appeared on the stock books of the defendant corporation, as the owners of said certificates of stock and the shares represented thereby, without any entry whatever being made on the record of said defendant corporation to indicate that the defendants or any of them held or claimed

734

to hold said certificates or shares or any of them otherwise than as owners. There is ample evidence in the record to justify and sustain each of the findings of the court objected to by appellants.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.